STATE OF LOUISIANA

VERSUS

BUNNAK LANDON, AKA HANNAH LANDON,
AKA BUNNAK LIM

NO. 24-K-358

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

November 19, 2024

Linda Wiseman
First Deputy Clerk

IN RE BUNNAK LANDON

APPLYING FOR SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE NANCY A. MILLER, DIVISION "I", NUMBER 23-2009

Panel composed of Judges Marc E. Johnson,
Scott U. Schlegel, and Timothy S. Marcel

**WRIT DENIED**

Relator/defendant, Bunnak Landon, seeks supervisory review of the trial court's denial of the defense motion to suppress evidence obtained by law enforcement pursuant to search warrants based on information provided by defendant's former attorney. Defendant contends the information supporting issuance of those warrants is protected by the attorney-client privilege. At the hearing conducted on March 7, 2024, the trial court denied defendant's motion to suppress finding the information is not protected by the attorney-client privilege. For the reasons that follow, we deny this writ application.

Defendant is charged by bill of indictment issued by a Jefferson Parish Grand Jury on August 17, 2023 with the first-degree murder of a juvenile born on January 30, 2017 in violation of La. R.S. 14:30 (count 1), obstruction of justice by removing the victim's body from the crime scene in violation of La. R.S. 14:130.1 (count 2), and obstruction of justice by removing a cell phone from the crime scene in violation of La. R.S. 14:130.1 (count 3).

The Jefferson Parish Sheriff's Office obtained a search warrant for 35 OK Street, Harahan, Louisiana which resulted in recovery of an iPhone belonging to defendant. In the affidavit of probable cause submitted for the warrant on April 26, 2023, Detective Dardelle Carter states:

As the investigation progressed, investigators received a call from Christian Bonin, who identified himself as the representing attorney for Bunnak Landon. Bonin informed investigators that he was told by Landon that she discarded her mobile device on the property of 35 OK

24-K-358                                                                 1

Street in Harahan, Louisiana. Bonin instructed investigators to that location and stated that evidence related to this investigation may be contained within the device.

Detective Carter testified at the suppression hearing that the information contained in his affidavit of probable cause was provided to him by Lieutenant Donald Meunier.

Admitted into evidence at the suppression hearing was a copy of an email from Bunnary Sanders (also identified in the document as Bunnary Land) to attorney Christian Bonin dated April 26, 2023. That email reads as follows:

> From: Bunnary Land <bunnarylland@gmail.com>
> Date: Wed, Apr 26, 2023 at 9:53 AM
> Subject: Bunnak Landon (evidence)
> To: <rcb@boninlawfirm.com>
>
> Good morning. My name is Bunnary Saunders. You have a client, Bunnak Landon, she is my sister and is in desperate need of your services. She has reached out to me because she couldn't get in touch with you. Her boyfriend Michael Fontenelle has been preventing her from contacting you. She wanted me to tell you about some evidence that she has on her phone. Last night she walked over to a construction site and buried a phone in a ziplock bag. There is a new house that is being built. It is on the corner of Matson Street and OK Ave. There is a tree that looks like a Y. It is buried there by the root of the tree. I know this may sound crazy but I am extremely worried about her and get such a cryptic message like that but these are the directions that she briefly gave me. I don't know what is going on but she needs you to help her. She wouldn't go into any details because she said she was protecting me. Thank you for taking the time out to read this message. Please do not hesitate to call me when you find anything out. I fear that something bad is happening. You can reach me anytime at 205-983-2651.
>
> Bunnary Saunders

It was stipulated that Bonin forwarded the email from Bunnary Sanders to Jefferson Parish assistant district attorney.

The trial court also received testimony from Lieutenant Donald Meunier, supervisor of the Jefferson Parish Sheriff's Office Homicide Division. Lieutenant Meunier testified to receiving a telephone call on April 26, 2023 reporting that attorney Christian Bonin wanted to speak with him or someone in charge of the Harahan homicide. At this time, law enforcement was actively searching for defendant in connection with the homicide. In response, Lieutenant Meunier called Bonin who advised that a former client's sister informed him of the location of a mobile phone buried by defendant near the crime scene.

Lieutenant Meunier transmitted the information received from Bonin to Detective Carter for purposes of obtaining a search warrant for 35 OK Street. After defendant's arrest that same day, Lieutenant Meunier testified that Bonin met privately with defendant in the JPSO Detective Bureau.

24-K-358

At the conclusion of the hearing, the trial court denied defendant's motion to suppress. Citing *State v. Taylor*, 502 So.2d 537 (La. 1987) and *State v. Green,* 493 So.2d 1178 (La. 1986), the trial court found the information Bonin provided was not privileged because he was obligated to disclose the existence and location of material evidence to a criminal investigation. Therefore, the court concluded that the evidence obtained from the search warrants for 35 OK Street, Harahan, Louisiana and the red iPhone recovered from that location was constitutionally seized.

In this writ application, defendant contends the trial court erred in denying her motion to suppress. Defendant argues that the contents of the email Bonin received from defendant's sister is privileged under La. C.E. art. 506. Because Bonin was never in physical possession of the iPhone, defendant contends the trial court's application of *Taylor,* 502 So.2d. 537 and *Green*, 493 So.2d 1178 was legal error. In response, the State argues that an attorney's possession of physical evidence of a client's alleged criminal activity is not protected by the attorney-client privilege. By extension, the State argues, the privilege likewise does not attach to information concerning the existence and location of such physical evidence. The State argues in the alternative that suppression of the evidence is not appropriate because the search was conducted pursuant to a warrant.

Appellate review of the trial court's findings of fact are subject to a clearly erroneous standard while legal conclusions drawn from those facts are reviewed *de novo. State v. Pham,* 2001-2199 (La. App. 4 Cir. 1/22/03), 839 So.2d 214, 218. The trial court is vested with great discretion when ruling on a motion to suppress. *Id.*

There are no disputed facts in the case before us. Attorney Bonin received an email from defendant's sister requesting legal services for defendant. The email also contained information from defendant concerning a phone containing evidence which she buried in a construction site.

The Louisiana Supreme Court has held that the admissibility of privileged attorney-client communications may be challenged by a motion to suppress. *Taylor, supra.* La. C.E. art. 506 sets forth the general rule of the attorney-client privilege, which in pertinent part, states:

> B. General rule of privilege. A client has a privilege to refuse to disclose, and to prevent another person from disclosing, a confidential communication, whether oral, written, or otherwise, made for the purpose of facilitating the rendition of professional legal services to the client, as well as the perceptions, observations, and the like, of the mental, emotional, or physical condition of the client in connection with such a communication, when the communication is:
>
> (1) Between the client or a representative of the client and the client's lawyer or a representative of the lawyer.

"Representative of the client" is defined in La. C.E. art. 506 as "a person having authority to obtain professional legal services, or to act on advice so obtained, on behalf of the client."

24-K-358

In *Green*, 493 So.2d 1178, the Louisiana Supreme Court set forth three elements for creation of the attorney-client privilege. First, the communication solicits legal advice and assistance from an attorney. *Id.* at 1181. Second, the communication was made with some "reasonable expectation of confidentiality." *Id.* Finally, the communication or information given to the attorney was connected to the representation. *Id.*

The email at issue in this case contained a request for legal representation from defendant made through her sister. According to the record, Bonin had a prior attorney-client relationship with defendant. The information contained in the email was connected to the solicitation for legal representation. After receiving the email and his telephone conversation with Detective Meunier, Bonin privately consulted with defendant at the Jefferson Parish Sheriff's Office Detectives Bureau. We find the email communication's purpose was to effectuate legal services for the defendant.

While a hallowed pillar of our legal system, the attorney-client privilege is not absolute. The privilege does not encompass an attorney's retention of physical evidence which is reasonably believed to be material to the investigation of a crime. *Green*, 493 So.2d 1178; *See also*, *Taylor*, 502 So.2d 537. This exception is founded upon a lawyer's superseding duties under ethical rules governing attorney conduct, which do not permit use of the attorney-client privilege to hinder the administration of justice. *Green*, 493 So.2d 1178.

In the case before us, Bonin was presented with information originating from defendant concerning the existence of a phone containing evidence connected to the crime under investigation and its location. He was not given possession of defendant's phone.[1] While the email itself was not physical evidence of the crime under investigation, it contained information which is not protected by the attorney-client privilege under *Taylor* and *Green*.

On *de novo* review, for the reasons set forth herein, we find the information contained in the email concerning the iPhone's existence and location is not protected by the attorney-client privilege. Accordingly, we find the trial court did not abuse its discretion by denying defendant's motion to suppress evidence obtained through a search warrant for 35 OK Street, Harahan, Louisiana and a search warrant for a red iPhone recovered from that location.

Accordingly, this writ application is denied.

Gretna, Louisiana, this 19th day of November, 2024.

**TSM**
**MEJ**
**SUS**

---

[1] The record presented implies that the lot in which the defendant's phone was buried was not owned by defendant or Bonin. As such, we note that Bonin's compliance with defendant's request to recover the phone could have resulted in commission of a trespass offense.

24-K-358

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **11/19/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-K-358**

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable Nancy A. Miller (DISTRICT JUDGE)
Mark D. Plaisance (Relator)

Thomas J. Butler (Respondent)
Darren A. Allemand (Respondent)

### MAILED
Remy V. Starns (Relator)
Attorney at Law
301 Main Street
Suite 700
Baton Rouge, LA 70825

Paul C. Fleming, Jr. (Relator)
Cesar J. Vazquez (Relator)
Attorney at Law
848 Second Street
Gretna, LA 70053

Marcus J. Plaisance (Relator)
Attorney at Law
Post Office Box 1123
Prairieville, LA 70769

Honorable Paul D. Connick, Jr.
(Respondent)
Rachel L. Africk (Respondent)
Assistant District Attorney
Twenty-Fourth Judicial District
200 Derbigny Street
Gretna, LA 70053